■ ROGER McGRATH, Plaintiff, v. BERTHA WEINERT et al., Defendants. BERTHA WEINERT et al., Appellants, v. PAUL WULFORST et al., Respondents. PAUL WULFORST, Plaintiff, v. ROGER McGRATH, Defendant.— Consolidated action to recover damages for injuries to person and property and for medical expenses and loss of services, arising out of a collision between a motor vehicle owned and operated by respondent McGrath and a motor vehicle owned by appellant Bertha Weinert and operated by respondent Wulforst, in which appellants Bertha Weinert and Robert Weinert, her husband, were passengers. The appeal, as limited by appellants' brief, is from so much of a judgment entered on a jury verdict as is in favor of respondent Wulforst against appellants. Judgment insofar as appealed from unanimously affirmed, without costs. The issue of contributory negligence of appellants as passengers was properly presented to the jury. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.

■ JOSEPH MICELI, Respondent, v. ISTHMIAN STEAMSHIP COMPANY, Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from a judgment entered after trial before a jury, insofar as said judgment is in favor of respondent against appellant. Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ LUBA NAZAROFF, Appellant, v. BELAM REALTY CORP., Respondent.— In an action to recover damages for personal injuries sustained in a fall on a flight of steps leading to the street from the entrance of a multiple dwelling owned and controlled by respondent, the appeal is from a judgment dismissing the complaint after trial by the court without a jury. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR ANDERSON, Appellant.— Appeal from an order of the County Court, Richmond County, denying, without a hearing, an application in the nature of a writ of error coram nobis to vacate a judgment of said court rendered on October 8, 1954, convicting appellant, on his plea of guilty, of grand larceny in the second degree. Order reversed on the law and the facts and application remitted to the County Court for a hearing on the issues and for such further proceedings thereon as may be proper and not inconsistent herewith. It is claimed that the District Attorney knowingly suppressed material evidence. It is our opinion that a hearing should be held on this issue. Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to affirm.